IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:25-cv-440-WO-JLW

CAPE FEAR RIVER WATCH and
HAW RIVER ASSEMBLY,

    Plaintiffs,

    v.

THE CITY OF ASHEBORO;
INDORAMA VENTURES USA, LLC;
and STARPET INC.,

    Defendants.

**MOTION FOR LEAVE TO FILE
LIMITED SURREPLY BRIEF**

**[Local Civil Rule 7.3]**

    Pursuant to Local Civil Rule 7.3, Plaintiffs Cape Fear River Watch and Haw River Assembly ("Conservation Groups") respectfully move for leave to file the attached limited surreply brief. Courts may grant leave to file a surreply "when fairness dictates based on new arguments raised in the previous reply." *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010); *sepe also Nat'l Equip. Dealers, LLC v. Irock Crushers LLC*, No. 1:24-CV-01015, 2025 WL 1836590, at *1 (M.D.N.C. Feb. 4, 2025).

    Here, fairness dictates that Conservation Groups should be allowed to file a limited surreply because Defendant city of Asheboro raised two new factual and legal

1

assertions for the first time in its Reply Brief, DE 31, and Conservation Groups have not had the opportunity to respond to those new assertions or address how they factor into the Court's analysis on the city's Motion to Dismiss, DE 23.

Specifically, as part of its attempt to raise the Clean Water Act permit shield defense, Asheboro now asserts that (1) the city did not know it discharged 1,4-dioxane when it applied for its 2012 National Pollutant Discharge Elimination System ("NPDES") permit, and (2) that the U.S. Environmental Protection Agency had not issued effluent limitation guidelines for 1,4-dioxane at the time the city's 2012 NPDES permit was issued. DE 31 at 11. These arguments were available to the city of Asheboro when it filed its original Motion to Dismiss. *See* DE 1 ¶¶ 60, 126, 191 (alleging Defendants cannot avail themselves of the permit shield). And in making these arguments, Defendant only cites Conservation Groups' Complaint, indicating the city was not replying to issues raised in Conservation Groups' response. DE 31 at 11; *see also* Local Rule 7.3(h) (limiting reply briefs to matters "newly raised in the response").

2

Although Asheboro continues to re-hash serious mischaracterizations of Conservation Groups' claims, the Groups' Response Brief addresses those errors. DE 27 at 11–32. The proposed surreply, attached as Exhibit 1, is thus limited to the two new assertions raised by Asheboro in its Reply Brief.

Conservation Groups have conferred with counsel for Defendants. Defendants city of Asheboro, StarPet Inc., and Indorama Ventures USA, LLC do not consent to the filing of this motion.

Conservation Groups request the Court grant this motion and accept their limited surreply addressing the new assertions raised by Asheboro.

Respectfully submitted, the 4th day of September, 2025.

<u>/s/ Hannah M. Nelson</u>
Hannah M. Nelson
hnelson@selc.org
Bar Number: 56565
Jean Zhuang
jzhuang@selc.org
Bar Number: 55635
Zoe Mehta
zmehta@selc.org
Bar Number: 60883
Kasey Moraveck
kmoraveck@selc.org
Bar Number: 62554

Southern Environmental Law Center
136 East Rosemary Street, Suite 500

3

Chapel Hill, North Carolina 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4th, 2025, I electronically filed Plaintiffs' **Motion for Leave to File Limited Surreply Brief** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the users registered on the Court's CM/ECF System.

/s/ Hannah M. Nelson
hnelson@selc.org
Bar Number: 56565
Southern Environmental Law Center
136 East Rosemary Street, Suite 500
Chapel Hill, North Carolina 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
*Attorney for Plaintiffs*

5
