# EXHIBIT 1

No. 1:25-cv-440-WO-JLW

| | |
|---|---|
| CAPE FEAR RIVER WATCH and HAW RIVER ASSEMBLY,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE CITY OF ASHEBORO; INDORAMA VENTURES USA, LLC; and STARPET INC.,<br><br>    Defendants. | **PLAINTIFFS' LIMITED SURREPLY BRIEF**<br><br>**[Local Civil Rule 7.3]** |

Defendant City of Asheboro's Reply Brief in support of its motion to dismiss, DE 31, raises several new factual and legal assertions that Plaintiffs Cape Fear River Watch and Haw River Assembly (collectively "Conservation Groups") did not have the opportunity to respond to. In response to these new arguments, Conservation Groups show the Court the following:

Asheboro now indicates (for the first time) that it should be protected by the Clean Water Act's permit shield because (1) the city did not know it was discharging 1,4-dioxane in 2012 and (2) the U.S. Environmental Protection Agency ("EPA") had not adopted specific effluent limitation

1

guidelines for 1,4-dioxane in 2012. *See* DE 31 at 11. Neither argument has merit.

First, it is irrelevant whether Asheboro knew it was discharging 1,4-dioxane in 2012. DE 31 at 11. Courts have determined that permit applicants have a responsibility to know what they are discharging and cannot claim that they were unaware of certain pollutants in their wastewater. *See S. Appalachian Mountain Stewards v. A & G Coal Corp.,* 758 F.3d 560, 567 (4th Cir. 2014) (discussing the Clean Water Act's "emphasis on the need for full disclosure on the part of permit applicants"); *see also In re Ketchikan Pulp Co.,* 7 E.A.D. 605, 1998 WL 284964, at *11 (EAD 1998) ("[D]ischargers have a duty to be aware of any significant pollutant levels in their discharge."). Dischargers like Asheboro must disclose every pollutant they discharge because a "general description of the plant's operation d[oes] not provide the agency with adequate information . . . to qualify. . . for the permit shield." *S. Appalachian,* 758 F.3d at 568.

This exact issue was addressed in *Parris v. 3M Co.,* where a wastewater plant claimed it should be protected by the permit shield because it did not know that it was

discharging per- and polyfluoroalkyl substances ("PFAS"), a group of highly toxic chemicals. 595 F. Supp. 3d 1288, 1320 (N.D. Ga. 2022). The court rejected that argument and held that the wastewater plant "cannot claim ignorance about the contents of its own discharges and expect to receive the protection of the permit shield." *Id.* This makes sense. Holding otherwise would "encourage[] willful blindness by those discharging pollutants and prevent[] the state and federal agencies . . . from receiving the information necessary to effectively safeguard the environment." *S. Appalachian*, 758 F.3d at 567.

What matters is that Asheboro did not disclose that it discharged 1,4-dioxane when it applied for its 2012 National Pollutant Discharge Elimination System ("NPDES") permit. The city cannot claim the permit shield defense. *Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty., Md.*, 268 F.3d 255, 268 (4th Cir. 2001); *S. Appalachian*, 758 F.3d at 569 (holding that where a permitholder asserted "it had no reason to believe it would discharge" a pollutant, it could not access the permit shield).

Second, it is immaterial that the EPA had not promulgated 1,4-dioxane effluent limitation guidelines in

3

2012. DE 31 at 11. Effluent limitation guidelines are a set of technology-based regulatory standards adopted by EPA for a subset of chemicals discharged by certain types of industries. 40 C.F.R. §§ 401.10; 401.12(c) (2025). Effluent limitation guidelines help inform NPDES permit limits, but the Clean Water Act regulates far beyond the pollutants covered by this discrete set of rules. The Clean Water Act prohibits the "discharge of *any* pollutant by any person . . . ." 33 U.S.C. § 1311(a) (emphasis added). 1,4-Dioxane is a pollutant under the Clean Water Act, 33 U.S.C. § 1362(6), and Asheboro does not argue otherwise, *see generally* DE 24; DE 31.

Conservation Groups' claims do not depend on the violation of any limit in Asheboro's permit or any effluent limitation guideline issued by EPA. *Contra* DE 31 at 11; *see also* DE 27 at 25–31.

**CONCLUSION**

Asheboro's new arguments do not earn them the protection of the permit shield. For the foregoing reasons, and for the reasons set forth in Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, or, in the Alternative, to Stay, DE 27, Conservation Groups

4

respectfully ask the Court to deny Defendants' motions to dismiss.

Respectfully submitted, the 4th day of September, 2025.

<u>/s/ Hannah M. Nelson</u>
Hannah M. Nelson
hnelson@selc.org
Bar Number: 56565
Jean Zhuang
jzhuang@selc.org
Bar Number: 55635
Zoe Mehta
zmehta@selc.org
Bar Number: 60883
Kasey Moraveck
kmoraveck@selc.org
Bar Number: 62554

Southern Environmental Law Center
136 East Rosemary Street, Suite 500
Chapel Hill, North Carolina 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
*Attorneys for Plaintiffs*

5

<u>**CERTIFICATE OF WORD COUNT**</u>

I hereby certify that **Plaintiffs' Limited Surreply Brief** complies with Local Rule 7.3(d)(1) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, because it is prepared using a 13-point proportionally spaced font and contains less than 3,125 words (excluding captions, counsel's signature block, this certificate of word count, and certificate of service) as reported by the word-processing software.

This the 4th day of September, 2025.

<u>/s/ Hannah M. Nelson</u>
Hannah M. Nelson

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 4th, 2025, I electronically filed **Plaintiffs' Limited Surreply Brief** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the users registered on the Court's CM/ECF System.

<u>/s/ Hannah M. Nelson</u>
hnelson@selc.org
Bar Number: 56565
Southern Environmental Law Center
136 East Rosemary Street, Suite 500
Chapel Hill, North Carolina 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
*Attorney for Plaintiffs*